IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA P.,[1] | ) |
|       Plaintiff, | ) |
| | ) No. 20 C 7452 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Patricia P.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On July 25, 2018, Plaintiff filed claims for DIB and SSI, alleging disability since January 4, 2018. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 20, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 15, 2020, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of January 4, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: anemia; fibromyalgia; and depression. The ALJ concluded at step three that

2

Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, stoop, crouch, kneel, or crawl; must avoid concentrated exposure to extreme cold; work is limited to simple, routine, repetitive tasks performed in a work environment free of fast paced production requirements involving only simple work-related decisions and with few, if any, workplace changes; and can occasionally interact with the public, coworkers, or supervisors. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a general duty nurse. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate

the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in finding certain medical opinions to be unpersuasive; (2) the ALJ failed to adequately evaluate Plaintiff's symptoms and hearing testimony; (3) the ALJ erred in determining that Plaintiff retained the residual functional capacity to perform light work; and (4) the ALJ's decision is Constitutionally defective.

In advancing her third argument, Plaintiff contends, *inter alia*, that the ALJ failed to adequately account for her expressed need to nap during the day. On that topic, Plaintiff stated at the hearing that she must "take a few naps during the

daytime" because she is "so exhausted." (R. 41.) In his decision, the ALJ noted Plaintiff's reports that she "does not get a lot of sleep because she cannot get comfortable" and "takes 2 to 3 naps during the day because she is tired from lack of sleep." (*Id.* at 19.) However, beyond noting Plaintiff's allegations in that regard, the ALJ's decision does not address Plaintiff's asserted need to nap in any manner. Further, Defendant's brief does not address Plaintiff's argument concerning her need to rest.

An ALJ errs if he leaves "unaddressed Plaintiff's reports she consistently needed to nap during the day." *Balbina K. v. Kijakazi*, No. 20-CV-5078, 2022 WL 2046216, at *3 (N.D. Ill. June 7, 2022). Accordingly, in completely failing to address Plaintiff's allegations concerning her need to nap on account of exhaustion, the ALJ erred. *See Fratantion v. Colvin*, No. 13 C 648, 2014 WL 3865249, at (12 (N.D. Ill. Aug. 5, 2014) ("The ALJ does not discuss the evidence in the record that corroborates [claimant's] reported medication side effects, or how she can perform even sedentary work while having to nap one to two times per day."); *Brazitis v. Astrue*, No. 11 C 7993, 2013 WL 140893, at *10 (N.D. Ill. Jan. 11, 2013) ("The ALJ never explained how someone who requires a one-to-two hour midday nap can work a full-time job."). If the ALJ found Plaintiff's reported nap requirements unbelievable, he was required to set forth a rationale for that determination, which he did not do. *See Cuevas v. Barnhart*, No. 02 C 4336, 2004 WL 1588277, at *15 (N.D. Ill. July 14, 2004) ("To the extent she chose not to address the issues of pain and naps because she found Mr. Cuevas' testimony on these issues to be incredible,

7

the ALJ was required to explain her reasoning."). Ultimately, the Court finds that the ALJ's failure to account for Plaintiff's asserted need to nap requires that this matter be remanded. *See Gutierrez-Gonzalez v. Astrue*, 894 F. Supp. 2d 1057, 1066 (N.D. Ill. 2012) ("[T]he ALJ did not discuss Claimant's uncontradicted testimony that she must nap several times each day. The ALJ failed to build the requisite logical bridge.").

Plaintiff also argues that the ALJ improperly discounted her alleged symptoms based on her activities of daily living. On the topic of Plaintiff's daily activities, the ALJ stated as follows:

> The claimant has also indicated that she is able to perform a variety of activities of daily living. At the hearing, the claimant testified that she tries to do light chores around the house to stay active. She noted that she also does stretching exercises. She also stated that her husband helps her dress and that she goes grocery shopping with her husband. She noted in her function report that [she] can drive a car, shop in stores, and manage money matters. While I note that the claimant's ability to perform these activities does not solely support finding that she is able to perform light work with the additional restrictions noted in her residual functional capacity, it is just another fact I have considered in reaching this decision.

(R. 21 (citations omitted).)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey*

8

*v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). Further, a level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Under this legal framework, the Court agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported. Per the passage quoted above, the ALJ did not adequately explain how, for instance, the activities of managing money matters and going grocery shopping with the aid of her husband are inconsistent with Plaintiff's allegations of disabling pain. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the ALJ] briefly described Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and

limitations she claimed."). The Court finds that the ALJ's error in that regard is another issue that requires remand. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

The last argument the Court will address is Plaintiff's contention that the ALJ arrived at his RFC assessment without an adequate medical basis. Courts have made clear that "ALJ's are not permitted to construct a 'middle ground' RFC without a proper medical basis." *Norris v. Astrue*, 776 F. Supp. 2d 616, 637 (N.D. Ill. 2001). Nonetheless, that is what happened here. Indeed, Defendant concedes that the ALJ found that Plaintiff "was not as limited as Drs. Jain, Sawlani, and Castillo opined, but was more limited than examining physician Dr. Rana, reviewing physician Dr. Hinchen, and reviewing psychologists Drs. Hudspeth and Taylor concluded." (Def.'s Memo. at 25.) The Court finds that the ALJ erred in rendering an RFC assessment that represented a middle ground between the competing factions of medical opinions in this case. *See Megan B. v. Saul*, No. 18 C 1836, 2020 U.S. Dist. LEXIS 101344, at *14-15 (N.D. Ill. June 10, 2020) ("The ALJ apparently

believed that the RFC he chose reflected a middle ground between the two competing factions of medical opinions. . . . But in his effort to find a consensus, the ALJ crafted an RFC that is unsupported by any medical evidence or opinion.") (citation omitted). The ALJ appears to have relied on her own lay opinion, which was impermissible. *See Chase v. Astrue*, 458 F. App'x 553, 557 (7th Cir. 2012) ("[An ALJ] may not 'play doctor' by using [her] own lay opinions to fill evidentiary gaps in the record.") (citations omitted); *Clifford v. Apfel*, 227 F. 3d 863, 870 (7th Cir. 2000) ("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's claimed errors are addressed to the extent appropriate. The Court does not reach Plaintiff's Constitutional argument.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** **August 15, 2022**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**